UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 24-cv-3327

| | |
|---|---|
| Lucas Gerdes,<br><br>    Plaintiff,<br>v.<br><br>Capital One, N.A.,<br><br>    Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, Lucas Gerdes (hereinafter "Plaintiff"), and for his Complaint against the Defendant, Capital One N.A. (hereinafter "Defendant"), state as follows:

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in the District and Defendant conducts business in this District. See *Ford Motor Co. vs. Montana Eighth Judicial District Court*, 2021 WL 1132515 (U.S. March 25, 2021).

1

## PARTIES

4. Plaintiff is a natural person residing in the City of Eden Prairie, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Capital One is a foreign corporation incorporated under the laws of the state of Delaware; is authorized to do business in the state of Minnesota; and has a principal executive office located at 1680 Capital One Drive, McLean, Virginia 22102. Defendant Capital One is a "person" as defined in 15 U.S.C. § 1681a(b) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

## FACTUAL ALLEGATIONS

6. Sometime in late December of 2023, Plaintiff checked his credit reports, wherein he noticed an unfamiliar telephone number (774-772-3206) associated with his name and at the same time noticed an unfamiliar Capital One account (account number ending in 3606 (the "Account")) appearing on his credit reports.

7. The Account is for a credit card opened on October 4, 2023, with a balance of $15,068 and past due, which was not opened by the Plaintiff.

8. Plaintiff immediately called Defendant and reported the account as fraud.

9. Plaintiff then filed an online dispute with the national credit reporting bureaus (hereinafter "CRAs") Experian Information Solutions Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("Trans Union"), informing the CRAs of the telephone number 774-772-3206, the Defendant Capital One Account

ending in 3606, and multiple credit inquiries by Defendant Capital One were not his, pursuant to 15 U.S.C. § 1681i.

10. On January 2, 2024, Experian sent Plaintiff his dispute results regarding the fraudulent telephone number (Experian Report Number: 1038-4654-91). Experian removed the telephone number from Plaintiff's credit profile.

11. Experian, Trans Union, and Equifax then communicated Plaintiff's dispute to Defendant Capital One in automated consumer dispute verification ("ACDV") forms and copies of the dispute correspondence pursuant to 15 U.S.C. § 1681i(a)(2).

12. Defendant Capital One erroneously responded and verified to Experian, Equifax, and Trans Union that the Account had been verified as accurate, in violation of 15 U.S.C. § 1681s-2(b).

13. Plaintiff received his online Experian investigation results on January 19, 2024, wherein Experian stated that Defendant Capital One investigated the account and verified it as belonging to Plaintiff. However, in the same dispute results, Experian inconsistently removed all Capital One credit inquiries from Plaintiff's credit profile and also removed the fraudulent telephone number associated with Plaintiff's name. (Experian Report Number: 0635-8243-83).

14. Plaintiff put a credit freeze on his credit profile with the national credit reporting bureaus Experian, Equifax, and Trans Union and also placed a statement on his profile that he was a victim of identity theft.

15. Defendant Capital One failed to conduct a reasonable investigation into Plaintiff's January 2024 disputes, failed to review all relevant information available to it, and

3

failed to update and/or remove the fraudulent account, in the alternative, to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Code) to "XB," and, instead, incorrectly verified to Experian, Equifax, and Trans Union that the Account was being reported correctly, in violation of 15 U.S.C. § 1681s-2(b).

16. After Plaintiff's indirect dispute through Experian, Equifax, and Trans Union did not remove Defendant's inaccurate credit reporting from Plaintiff's credit reports, Plaintiff attempted to dispute the account as not belonging to him directly with Defendant.

17. Defendant requested Plaintiff complete and return a fraud packet consisting of a police report and Federal Trade Commission Identity Theft Report.

18. Plaintiff filed a police report with the Eden Prairie Police Department on January 24, 2024. (Eden Prairie Police Report Number: MN0272600). At the same time, Plaintiff filed an Identity Theft Report with the Federal Trade Commission on January 24, 2024. (FTC Report Number: 16774893).

19. Plaintiff also filed a complaint with the Consumer Financial Protection Bureau ("CFPB"). (CFPB Case Number: 240125-13100242).

20. The CFPB then lodged another round of indirect disputes with Experian, Trans Union, and Equifax on Plaintiff's behalf.

21. Experian then reinvestigated Plaintiff's dispute and sent the results to Plaintiff on February 6, 2024. (Experian Report Number: 2524-9789-09). Experian stated that the fraudulent Defendant Capital One Account ending in 3606 was removed from Plaintiff's credit report.

4

22. On February 15, 2024, Plaintiff filed a fraud complaint with Inteliquent/Sinch Voice regarding the telephone number used to open the fraudulent Defendant Capital One account.

23. On February 26, 2024, Plaintiff received a letter from Defendant Capital stating that it had received a dispute from the credit reporting agency.

24. The February 20, 2024, letter from Defendant Capital One stated that it had completed its investigation and found that Plaintiff was responsible for the Account ending in 3606.

25. Because Defendant Capital One had wrongfully concluded in its internal fraud investigation that the Account belonged to Plaintiff, Defendant Capital One placed the fraudulent account back on Plaintiff's credit profile.

26. Plaintiff supplemented his Eden Prairie Police Report with additional information on March 4, 2024.

27. Then, in March or April 2024, Plaintiff mailed a direct dispute to Defendant Capital One, wherein he attached significant proof of fraud documents to the dispute, including the original police report, the supplemental police report, and the FTC Identity Theft Report.

28. Plaintiff received a letter from Defendant Capital One dated April 10, 2024, requesting that Plaintiff provide Defendant with additional documents and that Plaintiff fill out an Identify Fraud Information Form.

29. Plaintiff then filled out the requested Identify Fraud Information Form and sent the form and additional requested documents to Capital One on or about April 22, 2024.

30. Again, Defendant Capital One failed to conduct a reasonable investigation into Plaintiff's April 2024 dispute, failed to review all relevant information available to it, and failed to determine whether the account was opened by someone other than Plaintiff.

31. Because the Plaintiff could not resolve the fraudulent account and remove it from his credit, He went online and pulled his Experian credit report on May 20, 2024, and again on May 22, 2024 (Experian Report Numbers 3899-6242-91 and 3229-3458-73).

32. The fraudulent Defendant Capital One Account ending in 3606 was still reported on Plaintiff's Experian credit profile.

33. On May 22, 2024, the plaintiff requested his Equifax credit report (Equifax Report Number 4643144889).

34. The fraudulent Defendant Capital One Account ending in 3606 was still reported on Plaintiff's Equifax credit profile.

35. In response, Plaintiff then submitted a written dispute to Experian, Equifax, and Trans Union, requesting the immediate removal of the fraudulent Defendant Capital One Account ending in 3606, pursuant to 15 U.S.C. § 1681i, on June 6, 2024. The plaintiff included with his written dispute the Eden Prairie police report case number #2024-00000220 and the FTC Identify Theft report number – 167774893 and told them that he had provided, under separate cover, these same documents and the requested fraud packet to Capital One.

36. Trans Union, then communicated Plaintiff's dispute to Defendant Capital One in automated consumer dispute verification ("ACDV") forms and copies of the dispute correspondence pursuant to 15 U.S.C. § 1681i(a)(2).

37. On July 24, 2024, Plaintiff received his Trans Union investigation result, wherein Trans Union stated that Defendant Capital One investigated the account and verified it as belonging to Plaintiff.

38. Defendant Capital One failed to conduct a reasonable investigation into Plaintiff's June 6, 2024 disputes, failed to review all relevant information available to it, and failed to update and/or remove the fraudulent account, in the alternative, to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Code) to "XB," and, instead, incorrectly verified to Trans Union that the Account was being reported correctly, in violation of 15 U.S.C. § 1681s-2(b).

39. As a result of numerous telephone calls, direct and indirect disputes, completion of Defendant fraud packet, filing of an original and supplemental police report, FTC identity theft report, and disputes through the Consumer Financial Protection Bureau, Plaintiff was left with no alternative but to hire an attorney and file this federal court lawsuit.

40. Plaintiff has suffered actual damages in the form of hopelessness, stress, irritation, loss of sleep, anger, out of pocket loss, credit denials, frustration, anxiety, and the weakening and diminishment of his credit profile, creditworthiness, debt-to-income ratio, and credit score, as a direct and proximate result of Defendant's violations of the Fair Credit Reporting Act as described above.

41.     The Defendant's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

42.     Alternatively, Defendant's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

43.     Plaintiff is entitled to recover actual damages, statutory damages, and costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## TRIAL BY JURY

44.     Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*. – AGAINST DEFENDANT CAPITAL ONE**

25.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

26.     Defendant Capital One violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it and documentation provided by Plaintiff, and failing to

update and/or remove the inaccurate tradeline or, in the alternative, to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Codes) Code to "XB."

27. As a result of Defendant Capital One's violations of the FCRA, Plaintiff has suffered actual damages not limited to detriment to his credit rating, emotional distress, embarrassment, mental anguish, and anxiety in an amount to be determined at trial.

28. Defendant Capital One's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

29. Alternatively, Defendant Capital One's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

30. Plaintiff is entitled to recover actual damages, statutory damages, and costs and attorneys' fees from Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual and statutory damages against Defendant for violations of the FCRA pursuant to 15 U.S.C. §§ 1681n and 1681o;
- an award of punitive damages against Defendant for willful noncompliance with the FCRA pursuant to 15 U.S.C. § 1681n;
- an award of costs and attorney's fees against Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o; and
- such other and further relief as the Court may deem just and proper.

Dated this 20th day of August 2024.

        Respectfully submitted,

        By: <u>s/Carter B. Lyons</u>

        Thomas J. Lyons, Jr., Esq.
        Attorney I.D. #: 249646
        Carter B. Lyons, Esq.
        Attorney I.D. #: 0403655
        **CONSUMER JUSTICE CENTER, P.A.**
        367 Commerce Court
        Vadnais Heights, MN 55127
        Telephone: (651) 770-9707
        Facsimile: (651) 704-0907
        tommy@consumerjusticecenter.com
        carter@consumerjusticecenter.com

        *ATTORNEYS FOR PLAINTIFF*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Lucas Gerdes, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 15th day of August 2024.

                                                                  s/Lucas Gerdes
                                                                  Lucas Gerdes